**[J-29-2024] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| RICHARD MARTIN, JR., RICHARD FIDLER AND TAMMI IAMS | : | No. 24 WAP 2023 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Commonwealth Court entered April |
| v. | : | 13, 2023, at No. 369 CD 2022, |
| | : | Affirming in Part and Reversing In |
| | : | Part the Order of the Court of |
| DONEGAL TOWNSHIP, JAMES BAUER, | : | Common Pleas of Washington |
| RANDY POLAN, EDWARD SHINGLE, JR., | : | County entered March 29, 2022, at |
| KATHLEEN CROFT AND WASHINGTON | : | No. 2021-7906 and Remanding. |
| COUNTY BOARD OF ELECTIONS | : | |
| | : | ARGUED:  April 10, 2024 |
| | : | |
| APPEAL OF: DONEGAL TOWNSHIP, | : | |
| JAMES BAUER, RANDY POLAN, | : | |
| EDWARD SHINGLE, JR. AND KATHLEEN | : | |
| CROFT | : | |

## CONCURRING OPINION

JUSTICE McCAFFERY                    DECIDED:  OCTOBER 24, 2024

I agree with the Majority that the Commonwealth Court order must be reversed. As the Majority states:  "Section 402(e) [of the Second Class Township Code] does not authorize the removal of Fidler from office, or anyone else for that matter.  Instead, its application modified Fidler's existing term of office and presented him with the opportunity to win a new term on a three-member board," and "[a]s such, application of this statute did not run afoul of Article VI, Section 7 [of the Pennsylvania Constitution]."  Majority Opinion at 13-14.  However, to the extent the Majority suggests that Article VI, Section 7 is the exclusive means for removal from office, I disagree.  *Id.* at 14.

Notwithstanding this Court's view in *Reese* and *South Newton*, I do not agree that Article VI, Section 7, of the Commonwealth's Constitution provides the exclusive means

by which a civil officer may be removed from office. To this point, law professor Jefferson B. Fordham may have said it best when he wrote:

> The constitution uses the word "shall." It mandates removal upon conviction of "misbehavior in office or of any infamous crime" and removal by the governor on address of two-thirds of the Senate for reasonable cause after due notice and full hearing. **It could be said that these provisions simply require removal under the stated circumstances and are not limiting or preemptive language**.

Jefferson B. Fordham, *Judicial Nullification of a Democratic Political Process – The Rizzo Recall Case*, 126 U. Pa. L. Rev. 1, 11 (1977) (emphasis added).

The present case has nothing to do with removal from office. However, where removal **may** be at issue, I do not believe Article VI, Section 7, is limiting or preemptive of it. At the core of all our decisions relative to modification of an incumbent's term or removal from office, we must remember, as this Court has consistently held, there is no **right** to a public office. The plain language of Article VI, Section 7, requires bad actors be removed from office, but it does not limit removal for other reasons, where such removal may otherwise be authorized by law and approved by the body politic.

Although I disagree with the Majority's view that Article VI, Section 7, is the exclusive means for removal from office, I concur in the holding to reverse the order of the Commonwealth Court.